### KIFURI et al. v. LIRA.

No. 9397.

Court of Civil Appeals of Texas. San Antonio.

June 27, 1934.

Rehearing Denied Aug. 1, 1934.

David E. Hume, of Eagle Pass, for appellants.

Van Haile McFarland, of Eagle Pass, for appellee.

SMITH, Justice.

Appellants, A. Kifuri and E. Kifuri, copartners, operate a grocery store in Eagle Pass. At the time this controversy arose, they had in their employ Miss Petra Castenola, as cashier, whose duty it was also to send out parcels for delivery, and Efrain Garza, truck driver. The firm had and used two trucks in their business—one for hauling freight from San Antonio; the other for making local deliveries. Garza seems to have been driver of both vehicles, as occasion required, although his principal work was to operate the large truck in hauling heavy loads.

Some time between 8 and 9:30 o'clock on a Christmas Eve night Garza took appellants' large truck, and, picking up his young friend, Cerillo Estroda, by previous appointment, started to "Hopedale," to call upon a certain "old man." Where or what Hopedale is, or its distance from Eagle Pass, is not shown in the record. But it is inferable from disclosed facts that it is a country community somewhere near Eagle Pass. Somewhere on the way out to Hopedale appellants' truck, operated by Garza, collided with a car occupied by three other young men, including Martin Lira, a minor, who was injured as a result of the collision and recovered judgment against appellants for $1,200 on account of his injuries.

■ The appeal presents the sole question of whether the evidence sufficiently supported the jury finding that at the time of the collision Garza was then and there engaged in the discharge of the duties of his employment with appellants. The only evidence of the fact so found consists of an admission against interest made by one of the partners, E. Kifuri, under the following circumstances, assuming, as we must, that the testimony of appellee's witnesses upon that issue was true: Immediately following the accident, Garza brought the truck into Eagle Pass, and was thereupon arrested by two officers, who took the truck keys to appellants in their store, and, before appellants had heard or knew anything of the accident, one of the officers asked appellant E. Kifuri "where his truck was," to which Kifuri replied, "It went to Hopedale on a mandada" (errand), or that he "sent his truck on a mandada (errand) at Hopedale." We think that admission of Kifuri under the circumstances stated was sufficient to justify a finding that the collision, happening to the truck on its way out to Hopedale a few minutes before, occurred while the truck was being used in the operation of appellants' business, rendering appellants liable in the case upon that and other findings of the jury.

■■ It is true that appellants themselves and their two former employees, including Garza, the truck driver, and his companion, all testified to facts tending to disprove the fact embraced in appellants' admission. But that testimony was not conclusive, although consistent and apparently reasonable and plausible, and opposed to the effect of the admission. The result, then, is an issue of fact. The admission, if true, was sufficient to support the finding complained of. The other evidence, if true, prohibited that finding. In such case it was for the jury to weigh the evidence of the admission and the effect of the admission, if proven, against the other evidence in refutation of the fact admitted. The jury rendered a verdict upon the admission, and, the trial judge having approved the jury's finding, this court will not interfere with the trial court's discretion in refusing a new trial. Jones on Evidence (2d Ed.) §§ 293, 295; Lester v. Hutson (Tex. Civ. App.) 184 S. W. 268; Connor v. Crain (Tex. Civ. App.) 289 S. W. 712.

The judgment is affirmed.