Ex parte Wilhemina Evelyn WILLIG, a Minor.

No. 3568.

Court of Civil Appeals of Texas.

Waco.

May 1, 1958.

Rehearing Denied June 26, 1958.

Beard, Kultgen & Beard, Waco, for appellant.

Q. Z. Valentine, Waco, for appellee.

TIREY, Justice.

This is a child custody case. In November 1957, the Assistant Probation officer of McLennan County filed application in the 54th Judicial District Court of McLennan County, stating in effect that Wilhemina Evelyn Willig, a minor girl, was born February 22, 1954; that she is now three years old, and that she is a dependent and neglected child; that the father and mother of said child are dead, and that she has no legal guardian; that she is destitute, homeless and abandoned and has no proper parental care or guardianship; that heretofore, on November 15, 1957, the father, Theodore Willig, killed the mother of said minor, and thereafter committed suicide on said date, and that their place of residence at that time was Waco, McLennan County, Texas. The application prayed the court to appoint a suitable person to represent the minor; that said child be declared dependent and neglected as provided by Art. 2330, Vernon's Ann.Civ.St., and that Dr. Conrad Rees, a resident of Johnson County, be awarded the care, custody and control of such child. The transcript also shows that Reinhardt Willig filed answer

in behalf of himself individually and as temporary guardian of such minor and was joined therein by his wife, Martha, and others, in which they denied the allegations contained in the petition to declare the child dependent and neglected, and further averred that Reinhardt Willig and his wife, Martha, are proper and suitable persons to receive the care and custody of the minor, and they prayed that they be granted the custody of such child.

Thereafter, in January 1958, the court entered its decree, in which we find the following recitals:

"That the court is of the opinion that the mother of said minor child Evelyn Willig is dead, having been killed on or about the 15th day of November, 1957, at her home and residence in Waco, McLennan County, Texas; that the court is of the further opinion that the father of said minor child is also dead and having committed suicide on about the 15th day of November, 1957, at his home and residence in Waco, McLennan County, Texas, * * *.

"That the court is of the further opinion and so finds that the allegations contained in the petition are true and correct and that the petitioner is a resident citizen of McLennan County, Texas, that the said Wilhemina Evelyn Willig a minor, is a female and under the age of sixteen (16) years and is a dependent and neglected child as that term has been construed by the courts and civil statutes of the State of Texas, and that she is also a resident citizen of McLennan County, Texas, and that by reason thereof she has no proper parental care or control and is thereby a dependent and neglected child under the terms and provisions of the revised civil statutes of the State of Texas."

The court then decreed:

" * * * that the said Wilhemina Evelyn Willig be, and she is hereby adjudged and declared to be a dependent and neglected child; that the parental rights of said child be and the same are hereby terminated; that said Wilhemina Evelyn Willig is hereby ordered, directed that she be as to her care, custody and control delivered to the possession of Dr. Conrad Rees who shall have hereafter full authority and is so directed to take possession of the said minor child and that she be carried to the City of Keene, Johnson County, Texas, and placed in a home which is now established for the care, custody, control and support until the further order of this court, and that the said child shall become a ward and subject to the guardianship of said Dr. Conrad Rees."

Appellant duly excepted to the order of the court and gave notice of appeal to this court and has duly perfected his appeal.

Appellant assails the decree on two points. They are substantially:

1. A minor child is not dependent and neglected, after the death of both parents by homicide and suicide, when qualified immediate kin offer her adoption and a home, and secure appointment as guardian of her person.

2. The trial court abused the discretion vested in him, after declaring a child dependent and neglected, when he awards custody of her to the head of a church school in preference to a fully qualified half brother and his wife who seek to adopt the minor.

The factual situation here is most tragic. Wilhemina Willig, a girl three years of age, was orphaned by the homicide-suicide death of her mother and father. It appears that both the child's father and mother had been previously married, and the temporary guardian here is the son of the deceased father by a prior marriage. The mother had six children born to her by a previous marriage. Three of these children had been placed in other homes prior to her

death. It appears that when the mother and father separated in August 1957, the mother and three of her children by a former marriage, namely Dorothy, age 16; Winfred, age 18; and Edwin about 11 years old, and Wilhemina, went to Keene, Johnson County, to live and were living there when this tragedy happened. On her father's side, Wilhemina had four half brothers and sisters, all of whom are of age and married, and each of these children offered to adopt her but by common consent it was decided that Reinhardt Willig and his wife, Martha, were the best qualified financially to make a home for her and rear her. It appears that Reinhardt Willig and his wife are each 41 years old and have a joint salary of $10,000 per year, plus rental income, and have two children, a boy 18 and a girl two years old. After these tragic deaths, Wilhemina's half sister, Dorothy Green, and half brother, Winfred Green, immediately took charge of her and resisted the efforts of the half brothers and sisters born to the father by his previous marriage to secure the custody of Wilhemina. They enlisted the help of the Seventh Day Adventist Church at Keene to aid them, and this Church, through Dr. Conrad Rees, caused dependent and neglected child proceedings to be instituted about the time and while Reinhardt Willig was making application and was appointed temporary guardian of her person by the County Court of McLennan County. There is no showing as to which court first acquired jurisdiction; however, the jurisdiction of the district court is not here assailed. See Cook v. Gregg, Tex.Civ.App., 226 S.W.2d 146 (writ ref.). The Seventh Day Adventist Church made known to the District Court that it proposes to supplement the children's social security income by charity, to provide a house mother for her and the other three children, and a separate home for them, and that Dr. Conrad Rees, who is head of the Church School at Keene, would have supervisory control and direction of the minor and her education. Testimony was tendered to the effect that the maintenance of the home for Dorothy, Winfred, Edwin and Wilhemina would come largely from the Church itself, as well as members of the Church, and that the entire community would aid in keeping the family unit together, and that the money Dorothy and Winfred make, while employed in the toy factory at Keene, would be theirs to spend as they choose. At the time of the trial Dorothy and Winfred were earning approximately $50 per week.

As we understand appellant's contention, it is to the effect that the District Court did not have the power and authority to declare the minor a dependent and neglected child while she has a temporary guardian, and that such child is not destitute or abandoned and cannot be considered homeless or abandoned when half brothers and half sisters are ready, able and willing to take her into their homes and ask the privilege of so doing for the purpose of adoption. The appointment of Willig as temporary guardian was without notice and a contest was filed thereto, but the record fails to show any action thereon.

Art. 2330, V.A.C.S., defines a dependent and neglected child in this manner:

"The term 'dependent child' or 'neglected child' includes any child under sixteen years of age who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship, or who habitually begs or receives alms, or who is found living in any house of ill fame or with any vicious or disreputable person, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such child; or any such child whose parents or guardian permit it to use intoxicating liquor except for medicinal purposes or to become addicted to the use of such liquors, or permits it in or about any place where intoxicating liquors are sold."

The foregoing statute was enacted by our Legislature in 1907. See Acts 1907, p. 135,

and the foregoing Article has not been amended. It has been considered and construed and applied by our appellate courts many times. Perhaps one of the outstanding opinions was written by the late Chief Justice Alexander of the Supreme Court in DeWitt v. Brooks, 143 Tex. 122, 182 S.W. 2d 687. As we understand our decisions, the Supreme Court has not changed the construction given to the foregoing statutes or the other articles therein discussed, found in Title 43 of our Statutes.

■ The first major question that presents itself to this court under the undisputed factual situation here is: Is Wilhemina Evelyn Willig a dependent or neglected child under the express provisions of Art. 2330 aforesaid? We believe that she is. First of all, this child is only approximately three years old. She has neither father nor mother and at the time she became an orphan she was living with her mother in a home maintained by her mother at Keene in Johnson County, Texas (visiting with her father at intervals), and in this home maintained by her mother she had a half sister, age 16; a half brother, age 18; and another brother who is approximately 11 years old. It appears from the record that shortly after the death of the minor's father and mother, her sister Dorothy and her brother Winfred appealed to their friends in Keene for the privilege of maintaining the home for themselves and for this minor and the other minor half brother, and that Dr. Conrad Rees, President of Southwestern Junior College, located at Keene, caused application to be made to have Wilhemina Evelyn Willig declared a dependent and neglected child. Simultaneously with this action, Reinhardt Willig was appointed temporary guardian of the minor by the County Court of McLennan County, and he filed pleading herein denying that Wilhemina Evelyn Willig was a dependent and neglected child and set up that he had been appointed temporary guardian and had qualified as such, and further averred that he was a proper person to have the care, custody and control of

such child, and he prayed that he and his wife, Martha Willig, be granted the custody and control of such minor.

In the Statement of Facts we find the following stipulation:

"It is agreed by and between the parties hereto that Reinhardt and Martha Willig are qualified persons to administer and supervise the necessary parental guidance over the minor child Wilhemina Willig both physically, mentally and spiritually; that Reinhardt and Martha Willig desire to adopt the minor child; that Sadie Colvin, the grandmother of the minor child is seventy-six years old; that Glenn Green, the father of the Green children, is living, but has not contributed to their support for a number of years; that Wilhemina Willig has visited with the Willigs on a limited basis during her lifetime."

■ Going back to Art. 2330 aforesaid, we are of the view that when death took away the mother and father of Wilhemina Evelyn Willig, that she was, under the express terms of the statute, dependent upon the public for support, and under the record we have before us that she was legally homeless and that she was without proper parental care. As we understand our decisions, although the appellant Reinhardt Willig is a half brother, there is no legal obligation upon him to support this minor. Certainly he is to be commended for his desire to discharge his moral duty and obligation to his half sister. See Bee v. Robbins, Tex.Civ.App., 303 S.W.2d 827 (no writ history) and cases there cited. However, the question of the dependency of such minor is a fact question and we are of the view that the essential facts are undisputed and leave no room for doubt, and that the court's finding in this behalf must be sustained. It follows that the appellant's contention that the trial court did not have the power and authority to declare the minor a dependent and neglected child, while she had a temporary guardian, and that such

child is not destitute or abandoned and cannot be considered homeless when she has half brothers and half sisters who are ready, able and willing to take her into their homes and asked for the privilege of so doing for adoption purposes, must be overruled.

■ We do not mean to hold that the half brothers and half sisters, or any of them, are precluded from filing adoption papers and pursuing such claim, or making application for change in the award of guardianship, at any time the best interests of the minor require it. See Art. 2336, V.A.C.S.; also Vol. 21A Tex.Dig.Infants p. 244, II Custody and Protection, ▇▇▇▇▇. The trial court has the duty and authority to change the order here made with reference to the custody and control of such minor at any time the court feels that the best interests and the welfare of the minor require such change to be made.

■ Finally, did the court abuse his discretion in awarding the custody of the child to Dr. Conrad Rees? We think not. First of all, it appears from the record before us that Wilhemina Evelyn Willig had been in the home with Dorothy and Winfred and the other half brother from birth, and no doubt the court was of the view that great love and affection existed between this child and her older sister and brothers and that it was not advisable to disturb this relationship at this time. Moreover, these children had been brought up in the Seventh Day Adventist Church and the record indicates that the Church and the School had made plans for these minor children, and that the School and Church were able and willing to make such contributions as were necessary to keep the family together as a family unit and to let them maintain their own home. The record shows that Dorothy and Winfred are attending Southwestern Junior College at Keene, and have a part-time job working at a factory in the town of Keene, and that they receive total wages of around $50 a week; that the Church and School had

offered to furnish to this family an adult, either a lady or a couple, to give them guidance and help them maintain their own independent home. Dr. Rees offered to take the responsibility of seeing that a responsible person was put in that position in the home and he promised to arrange for any extra finances that they needed in order to maintain the family and until they became independent. Evidence was also tendered to the effect that the little community at Keene was about 99% communicants of the Seventh Day Adventist Church, and it appears that the spirituality of the entire community is very high and that the facilities for an education are adequate.

But appellants contend in effect that the court abused its discretion in failing to award the custody and control of the minor to Reinhardt Willig under the express provisions of Secs. 109, 110, 117, Chap. 5, and Sec. 229, Chap. 7 of the Probate Code, V.A.C.S., because under the foregoing provisions, Reinhardt Willig, being a suitable person under the stipulations and standing in the relationship of a half brother, is entitled to have the care and custody of said minor awarded to him. We overrule these contentions for reasons which we shall hereafter briefly state.

Our Supreme Court in the case of Thomason v. McGeorge, Tex.Com.App., 285 S.W. 285, 287, opinion by Judge Speer, judgment of the court adopted, had occasion to consider Art. 2330, aforesaid, and with reference thereto said: "The jurisdiction thus conferred upon the district court is not a probate jurisdiction at all. It is a jurisdiction which could not be conferred upon the county court under the Constitution. [Citing] Whittenberg v. Craven, Tex.Com.App., 258 S.W. 152." The court, in the foregoing sentence, had reference to the provision of Sec. 8 of Art. 5 of the Constitution of Texas, Vernon's Ann.St., which provides in part: "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary

and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law." The court then said: "It is true the act speaks of 'guardianship' in connection with the award of custody and control of the minor in the exercise of the jurisdiction there conferred; yet clearly the use of such term is not in that technical sense which affects jurisdiction, as a probate matter, but rather it is used in the more general sense of indicating custody, control, education, maintenance, and the like. The disposition of minors under this act is not the act of a probate court at all, and does not operate to avoid the orders of a proper probate court any further than the exigencies of the situation require at the hands of a court of general equity jurisdiction. The matter of such probate jurisdiction is simply not affected by such act. So that, whether the Delinquent Child Act itself be constitutional or not, in no event is it an interference with the constitutional jurisdiction of the county court to appoint guardians of, and to transact all business appertaining to, minors."

■ Again, our Supreme Court in Worden v. Worden, 148 Tex. 356, 224 S.W. 2d 187, 189, in a unanimous opinion, held: "* * * but by Article 5, Section 8 of the Texas Constitution, the district courts are given 'original jurisdiction and general control over * * * minors under such regulations as may be prescribed by law', and under this provision it has been held that the district courts may determine the custody of children in habeas corpus proceedings which are independent of divorce suits." Citing cases. The Supreme Court further held that "The powers of the district courts to award custody have been held to be independent of and superior to the powers of county courts, under Article 5, Section 16 of the Constitution, and the

guardianship statutes (Articles 4102, 4118 and related articles in Title 69, Vernon's Tex.Civ.St.) to appoint and supervise guardians of the persons of minors." Citing a long list of cases, among them Thomason v. McGeorge, supra. Our Supreme Court has not changed the views expressed in the foregoing decisions. Under the foregoing authorities, it is our view that the district court, under the record here made, had prior and superior jurisdiction of this minor, and necessarily had the power to make the award it did.

The trial court here was face to face with a most difficult situation, realizing that the prime consideration is the best welfare of the child. No doubt the trial court was of the view that Dorothy and Winfred and the other half brother were willing and anxious to give this minor that tender and loving care which the minor needed and perhaps more nearly equivalent to that which should have been given by the child's natural parents than Mr. and Mrs. Reinhardt Willig could have given by reason of the fact that the child had only had limited association with this half brother and his wife. No doubt the trial judge was of the view that the minor would have a feeling of greater security with her older sister and brothers than she would have if placed in the family of her half brother because, after all, Dorothy, Winfred and Edwin constituted her remaining family. We think this view is in accord with the recently declared public policy of this State, as shown by Art. 2338-1, Sec. 1, V.A.C.S., which provides: "The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents. * * *" Section 2 of this Act provides: "This Act shall be liberally construed to accomplish the purpose herein sought." The foregoing statute was enacted

by the 48th Leg., Acts 1943, p. 313, chap. 204. See also Oldfield v. Campbell, Tex. Civ.App., 191 S.W.2d 897, and cases there collated.

Because of the views here expressed, we overrule each of appellant's points and affirm the judgment of the trial court.

HALE, J., took no part in the consideration and disposition of this case.