Bobby W. NELSON, Appellant,

v.

Margaret NELSON, Appellee.

No. 3703.

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1959.

Rehearing Denied April 21, 1960.

W. Lance Corsbie and Steve Kazanas, Waco, for appellant.

M. M. O'Dowd, Waco, for appellee.

TIREY, Justice.

This action is one for divorce and for custody of two small children. The Court granted defendant a divorce on his cross-action and in the decree dated August 6, 1959, we find substantially the following findings:

(1) That no community property was acquired during the marriage and that one child was born of this marriage, Naomi Martha Nelson, a girl, age 3;

(2) That the plaintiff is the mother of William Lee Cole, a boy age 6, and that defendant, Bobby W. Nelson has stood in loco parentis to William Lee Cole for many years;

(3) That heretofore the 54th District Court in Cause No. 37012, styled: William Lee Cole and Naomi Martha Nelson, decreed that said children were dependent and neglected, and by reason of the foregoing order this Court finds that it has no jurisdiction over the children and no power to award their custody to anyone, and for such reason makes no order relative to the custody of the children.

Defendant, Nelson, excepted to the action of the Court in refusing to award him the custody of the children and gave notice of appeal and has perfected his appeal to this Court.

The judgment is assailed on what appellant designates as three points, they are substantially to the effect that the Court erred:

(1) In failing to award the custody of the children to the father;

(2) That there is no evidence to sustain the Court's judgment; and

(3) That the evidence is insufficient to sustain the judgment.

We overrule each of these contentions for reasons which we shall hereinafter briefly state. The cause is here on stipulations and accompanied by a statement of facts. See Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156. The record discloses that Mr. Vanston, Assistant Probation Officer of McLennan County, filed a petition in the 54th District Court in which he alleged that William Lee Cole and Naomi Martha Nelson were dependent and neglected children. This petition is in regular form and was sworn to by Mr. Vanston on the 22nd day of May, 1959. The petition was also signed and sworn to by Margaret Nelson, plaintiff in this cause, on the 22nd day of May, 1959. In Mrs. Nelson's affidavit she set out that she was the parent of William Lee Cole and Naomi Martha Nelson, the children mentioned in the foregoing referred to petition, and that they were minors, and she asked that they be declared dependent and neglected. The 54th Dis-

trict Court, on the 21st day of May, 1959, entered its order in which it decreed that the foregoing named children had no parental care or guardian, and that they were dependent and neglected and it awarded them to John H. Vanston, Assistant Probation Officer, to abide the further order of the Court. Thereafter, Bobby W. Nelson, the appellant here, joined by Chester Arrington and Naomi Arrington, the grandmother and step-father of the child, William Lee Cole, filed with the District Clerk on the 27th day of July, 1959, a petition in which they set up that the foregoing order was entered without notice to them, and that they were not personally present in Court, and also set up that the order entered by the District Court declaring the children to be dependent and neglected is void upon its face; also there was no written sworn petition on file at the time the Court entered its order, and asked the Court to set the order aside and decree it void. The petitioners caused service to be had on John H. Vanston. Thereafter, the 54th District Court entered an order declaring the children dependent and neglected and this order recites:

"On this the 3rd day of August, A. D. 1959, came on to be heard the above entitled and numbered cause, wherein John H. Vanston, as Asst. Probation Officer is Petitioner; and it appearing to the Court that Margaret Lee Nelson, the mother of the said William Lee Cole and Naomi Martha Nelson, and it further appearing to the Court —— and that the children have no proper parental care of guardianship, and a jury being waived, all matters of fact, as well as of law being submitted to the Court, and the Court after hearing the pleadings, evidence, and argument of counsel is of the opinion that the said Naomi Martha Nelson and William Lee Cole are dependent and neglected children.

"It is therefore, ordered, adjudged and decreed that said children are

hereby declared to be dependent and neglected children, and it is the further order of this Court that said children be awarded to Hubert Johnson, Superintendent, Methodist Home or his successor as located at Waco, Texas, until the further orders of this Court."

There is and was no appeal from the order entered by the 54th District Court on the 3rd day of August, 1959. Appellant tendered the foregoing proceedings in the 54th District Court as evidence in this suit for divorce and custody in the 19th Judicial District Court.

It appears from the record that this cause proceeded to trial in the 19th Judicial District Court of McLennan County, Texas, on the 6th day of August, 1959, and after the evidence was tendered as hereinabove set out, the Court stated:

"As I understand it that is the entire record as to the judgment of the 54th District Court, Judge Bartlett presiding in cause number 37012 wherein the two children mentioned in the pleadings in this present case were disposed of by that court. * * * The record shows that Judge Bartlett awarded the children, made disposition of them on August 3rd, the last order, and it is recorded in the minutes of the 54th District Court, Volume 15, page 695. * * * Anyway in this divorce case the Court has not taken any jurisdiction and will not attempt to make any order as to the children.

"Mr. Corsbie: Would you like to hear the evidence or just exclude it at the beginning? In other words may we put on the evidence and the Court reserve any ruling relative to the matter?

"The Court: No, you have already introduced the original orders of that court so there is no question about it. So there is no reason to hear any testimony as to the children."

It is obvious that the only issue involved in this case is whether the order entered by the 54th District Court on August 3, 1959, in which it decreed the children dependent and neglected and awarded them to Hubert Johnson, Superintendent of the Methodist Home, deprived the 19th District Court of the power to award said minor children to appellant, Bobby W. Nelson in this divorce proceeding. We think the answer is Yes. As we understand appellant's brief and his oral argument in this Court, it is to the effect that since the petition filed by Mr. Vanston, Assistant Probation Officer, was not sworn to until the 22nd day of May, 1959, and since the Court entered an order on the 21st day of May, 1959, decreeing the children to be dependent and neglected and awarded them to Mr. Vanston, that the order entered by the 54th District Court on the 21st day of May, was void, because the 54th District Court had no power on the 21st day of May, 1959 to make such order, and that the 19th District Court erred in not so holding and in failing to award the care and custody of the children to the appellant. Needless to say appellant's contention in this behalf passes out of the case because he thereafter filed a petition in the 54th District Court and asked the Court to set aside and declare the original order void, and this the 54th District Court refused to do, but entered the order on the 3rd day of August, 1959, which we have heretofore set out. Appellant relies on an opinion of this Court written by Chief Justice Gallagher in Hardy v. McCulloch, Tex.Civ.App., 286 S.W. 629, w. r., and on an opinion by the Supreme Court of Texas, in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. We have no quarrel with these decisions, but do not think they are applicable to the factual situation here before us. In DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 690, our Supreme Court had occasion to write at length on the Articles of our Statutes relating to dependent and neglected children, beginning with Article 2330, and extending through Article 2337. In that opinion we find this statement:

"While ordinarily the natural parents are entitled to the custody and care of their child, this is not an absolute unconditional right. The State has such an interest in the welfare of its citizens as will authorize the enactment of suitable legislation by which the State may assume the custody of children and the parents may be deprived of the custody thereof where the parents abandon the children or neglect them in such manner as to cause them to become a public charge, or where the parents otherwise prove to be unsuitable."

Again in this opinion we find:

"The plaintiffs contend that since they were admittedly the natural parents of the child, and since the trial court found that they were suitable persons to have the custody of the child, they were, as a matter of law, entitled to its custody. The holding of this Court in the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, seems to justify that contention. However, since the rendition of that decision in 1900 the Legislature has by positive enactment, we think, changed the public policy of this State in this respect. * * *"

Again in the opinion we find this statement:

"Where parents are without notice of proceedings wherein child is adjudged to be a dependent or neglected child and custody is awarded to others, parents must be allowed a full hearing in a subsequent proceeding on issue of whether sufficient facts existed as to authorize entry of judgment of dependency."

We think the opinion of the Supreme Court here answers the exact question adversely to appellant's contention.

We deeply appreciate the fact that the appellant's position and his contentions here present a most tragic situation. Appellant is in the army and after his marriage to his wife, the plaintiff, and after the child was born to them, and while he is engaged in foreign service his wife appears to be unable to furnish a home for the children, and she joins with the Assistant Probation Officer, and asks the Court to decree the children dependent and neglected and take custody of them. It also appears that after the appellant obtained knowledge of the foregoing situation he obtained a leave or furlough and made a trip back to Waco, Texas, for the purpose of making protest to this particular situation and sought a divorce from his wife, and also sought to have the 54th District Court set aside the order entered decreeing the children dependent and neglected. As we above stated, he failed to secure any relief from the order entered by the 54th District Court, and he did not appeal from the judgment. As we understand counsel for appellant, the appellant has now returned to the organization to which he is attached in foreign service. Although appellant did not appeal from the order of the 54th District Court, he will still have the opportunity to seek the custody and control of his children when he returns to his home and is able to show the Court that he is now ready to maintain and make a suitable home for the children.

■ Needless to say in the care and custody and control of children the paramount issue is always the welfare of the children, and all other issues are subordinate thereto. For a recent discussion of custody of infants under the Dependent and Neglected Statute aforesaid, see Ex parte Willig, Tex.Civ.App., 314 S.W.2d 395, n. r. e., and cases there cited.

Since we are of the view that the 19th Judicial District Court was without authority to make an award of the custody of the children for the reasons hereinabove discussed its judgment in so doing is in all things affirmed.