**In re Debra Ann MARSH et al.**

**No. 7024.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 13, 1961.

Rehearing Denied March 13, 1961.

31, 1960 to be dependent and neglected children, as those terms are defined by law, terminating the parental rights, placing their custody, care and control in the Moore County Child Welfare Board and authorizing said board to place such children in suitable homes for adoption. The case is before us upon nineteen points of error, most of which go to the sufficiency of the evidence to sustain the court's action.

The petition of April 1, 1960 seeking to declare the children to be dependent and neglected was filed by Mrs. Ruth Ballard, Moore County nurse and welfare worker under title 43, Vernon's Ann.Texas Civ.St. They were alleged to have been dependent and neglected children because:

"(a) They do not have the proper parental care having been born out of an incestuous relationship.

"(b) By reason of the depravity on the part of the parents of said children, each having consented to such relationship, any home that they had for the children would be unfit."

The petition also alleged that in order to protect the children they should be taken from the custody of their mother and father immediately and without notice and that unless the court entered its ex parte order taking the children and placing their temporary custody, care and control in a proper party immediately, irreparable injury would result to the children.

On the same day, to-wit April 1, 1960, the court issued its orders authorizing the Moore County Welfare Board to take temporary care, custody and control of the children until final hearing and the case was set down for hearing on April 21, 1960. On the last named date the case was tried to the court and the judgment rendered which is described in the first paragraph hereof, from which judgment this appeal is perfected.

Petitioners proof that the children were dependent and neglected was made by Mrs. Ballard. The mother of the children, Fran-

C. D. Bourne, Jr., Dumas, for appellants.

Frank D. McCown, Dalhart, for appellees.

CHAPMAN, Justice.

This is an appeal from a judgment of the District Court of Moore County declaring three children born respectively May 2, 1955; October 31, 1958; and March

cis Marsh, was called under the adverse party rule. She denied that her step-father, Alvin Marsh, was the father of the children or that she ever had sexual relations with him. Mrs. Ballard then testified in effect that while the mother was in the hospital for the birth of the third child she told her that she had been having relations with her step-father since she was about 12 or 14 years old and that Alvin Marsh was the father of all three of the children. She also related a conversation she had with Alvin Marsh at approximately the same time in which he admitted to sexual relations with his step-daughter and that all three of the children were his.

█ The question here presented is whether the admissions of Francis Marsh and Alvin Marsh, both parties to the suit, constitute sufficient substantive evidence to support the judgment of the court. Appellants urge the contention that such testimony is impeachment only and does not constitute sufficient proof to support the judgment rendered. As pointed out in McCormick and Ray, Vol. 2, Second Edition, Page 17, some leading text writers have said admissions "perform the same function against a party which prior contradictory statements perform. against a witness. They are used, not to prove the truth of the facts asserted, but to discredit the parties." The text writers just above cited then pointed out in the same paragraph that such contention is contrary to the overwhelming weight of the authority and say: "The courts have not only drawn a distinction between prior contradictory statements of witnesses and admissions of parties but have relied upon admissions as affirmative substantive evidence, sufficient in many instances to support a cause of action or defense." We believe this theory is supported by the overwhelming authority in Texas. One of the leading cases in announcing the correct rule is Trice v. Bridgewater, Tex.Com.App., 125 Tex. 75, 81 S.W. 2d 63, 67, 100 A.L.R. 1014, opinion adopted. That case holds an admission has such probative force as a jury [fact finder] may

determine it is entitled to receive. That case then quoted with approval from Thompson v. Moor, Tex.Com.App., 14 S.W. 2d 803 saying, "It was held that declarations by one claiming land by adverse possession tending to show lack of intent to claim the land were sufficient to raise an issue of fact, however strongly contradicted by his statement on the trial." Other cases of similar import are Kifuri v. Lira, Tex.Civ. App., 73 S.W.2d 891; Lester v. Hutson, Tex.Civ.App., 184 S.W. 268. We believe the last paragraph of the case note in 14 Texas Law Review entitled "Evidence—Probative Force of Extra-Judicial Admissions" page 104 very well sums up the rule in Texas wherein it says on page 105: "The decisions cited above [some of which decisions we have quoted just above] indicate that the Texas courts have followed the modern trend away from the use of admissions for impeachment purposes only, and by a fairly orderly growth, have reached the sound position taken by the principal case, [Trice vs. Bridgewater, 81 S.W.2d 63] that an admission is sufficient to support a verdict."

█ The trial court in the instant case having found that the admissions were sufficient to support a verdict and we believing them to be sufficient we do not feel disposed to disturb that finding. The facts found either by the court or jury, with respect to whether children are dependent and neglected, if supported by the evidence, is binding on us. Sutter v. Yutz, Tex.Civ. App., 223 S.W.2d 554; Erwin v. Williams, Tex.Civ.App., 253 S.W.2d 303.

It is unnecessary for us to pass. upon the numerous points having to do with the supplemental or trial amendment dictated during the trial because the testimony is sufficient to support the judgment rendered without aid of such trial pleading.

█ We find no merit in the contention that the petitioners were denied due process of law in the taking of the children. Petition was filed on April 1, 1960. The hearing was set for and heard on April 21, 1960

and petitioners themselves agreed it was unnecessary to bring the children to the hearing. The trial court obviously believed the incestuous relationship shown in the admissions of the petitioners related by Mrs. Ballard. If the children were living in such environment we believe the sooner they were removed from it the better and that an ex parte order did not violate petitioners' civil rights.

■■■ In points ten through twelve appellants question the authority of the Moore County Welfare Board to act, but by brief say: "Art. 695a, Sec. 4 (under which the Child Welfare Board of Moore County is organized) provides:" then quotes the statute. Thus, they admit the institution exists but say it had no authority to take the children and place them for adoption.

It is true that the court's order places the children in the care, custody and control of the Moore County Welfare Board but we believe the order as a whole shows such arrangement was merely a temporary one because it authorized the children to be placed by the board in suitable family homes for the purpose of adoption. Art. 2335 gives the Juvenile Court, which in this instance was the District Court, the authority to dispose of such children as to the court seems best for their moral and physical welfare. Therefore, we may assume the court was simply using the Moore County Welfare Board as its agent to place the children for adoption and that the court will enter its order approving of any adoption made. We believe it would be necessary for it to do so. We believe it is settled law in Texas that a court after awarding temporary custody of children found to be dependent and neglected has power to make further orders concerning their care and custody. Pettit v. Engelking, Tex.Civ.App., 260 S.W. 2d 613; In Matter of Cain, Tex.Civ.App., 280 S.W.2d 617; Ex parte Willig, Tex.Civ. App., 314 S.W.2d 395.

All points are overruled, including those not specifically mentioned, and the judgment of the trial court is affirmed.