### JONES et ux. v. DAVIS et al.
### No. 13828.

Court of Civil Appeals of Texas. Dallas.
June 13, 1947.

Rehearing Denied July 11, 1947.

Earl R. Parker, of Dallas, for appellants.

Will R. Wilson, Jr., Dist. Atty., William R. McDowell and Philip Silverberg, Asst. to Dist. Atty., all of Dallas, for appellees.

BOND, Chief Justice.

This suit was brought by W. L. Jones and wife, Frances Allene Jones, on their own behalf and as next friends of their minor child, Elizabeth Ann Guthrie, against S. M. Davis, Chief Juvenile Officer, and his assistants, of Dallas County, Texas, and Euri Biggs and wife, Hazel Biggs, the adoptive parents of said minor, to set aside (1) the judgement entered on January 28, 1946, by a district court of Dallas County, sitting as a juvenile court, in which it declared the said minor a dependent and neglected child, a ward of the state, subject to further orders of the court until said minor reaches the age of 21 years; (2) to set aside another judgment by said court, dated June 4, 1946, awarding said minor child for adoption to Euri Biggs and wife, Hazel

Biggs, and terminating the care, control and custody of all other persons to said minor; and (3) for writ of habeas corpus to bring said child into court and remand her custody to said natural parents.

The cause was submitted to the court without the aid of a jury, and after giving full and extended hearing, looking well into the welfare of said minor and the fitness of the natural and adopting parents respectively for the care, custody and control of the child, the trial court entered judgment declaring anew that on January 28, 1946, the child was a dependent and neglected child, as defined by Art. 2330, Vernon's Ann.Civ.St., and that the subsequent adoption judgment entered on June 4, 1946 is a valid decree, vesting the care, custody and control of said minor to the adoptive parents; hence refused to set aside the judgments. The natural parents appeal.

Upon the trial of the case at bar, the trial court found, in effect, that no notice or citation was issued on the dependency proceedings of January 28, 1946, or the adoption proceedings of June 4, 1946; and that said child was not brought into court during the hearing on either of the proceedings. In consequence, it is appellants' contention that both proceedings were invalid, in that, the court entering the judgment was without jurisdiction of the parties and subject matter in suit; therefore, no competent evidence could be adduced in this trial to support the judgments. A very similar situation was before our Supreme Court in the case of De Witt et ux. v. Brooks et ux., 143 Tex. 122, 182 S.W.2d 687, 691, certiorari denied 325 U.S. 862, 65 S.Ct. 1196, 89 L.Ed. 1983, in which the Court, after reviewing the statutes pertaining to dependent and neglected children and the necessity for notice to be given to parents of such minor (Art. 2330 et seq.), held that "Parents may voluntarily relinquish their right to the custody of their child either by agreement or by abandonment or by such other neglect or mistreatment as will authorize the intervention of the State for the best protection of the child, and when they do so, the State has the lawful right to award the custody of such child to others. While a parent who had no notice of the proceedings in which a child was adjudged to be a dependent child is not cut off from his right to show in a subsequent hearing that he had not allowed his child to become a dependent child, yet, if upon such subsequent hearing it appears that he had, in fact, allowed his child to become a dependent child, then the judgment declaring the child to be a dependent child and awarding its custody to some one else becomes binding upon him."

So, in the case here, the proceedings declaring the minor to be a dependent and neglected child and awarding her custody to the juvenile authorities, appears to have been conducted in accordance with the statute, except that there was no notice or citation served on the parents. Therefore, voidable, subject only to the rights of the parents in subsequent proceedings to determine whether they had, in fact, neglected or abandoned the child or otherwise allowed it to become a charge on the State. It will serve no useful purpose to relate the evidence; suffice to say that the full disclosure in this record sustains the findings and conclusions of the trial court. There is no assignment challenging the sufficiency of the evidence to support the judgment here rendered; but, even if there had been assignments, we think the evidence fully sustains the finding that the child was a dependent and neglected child at the time of the aforesaid judgments, and her care, custody and control would be best subserved by awarding her to appellees, the adopting parents, Mr. and Mrs. Biggs. The presence of the minor child in court is not a prerequisite jurisdictional requirement in adoption proceedings, nor is the consent of the parents to the adoption necessary, where the parental possession of the child has been terminated because of neglect or abandonment of the child. The child was a ward of the State at the time of the adoption, in charge of the juvenile authorities, and in due order the juvenile authorities, in pursuance to the statute, recommended the adoption. We think the adoption was in all things valid. All assignments urged on this appeal are overruled.

Judgment affirmed.