**Rebecca Russell KAMLEH, Appellant,**

v.

**Jo Ann BROWN, Appellee.**

**No. 4344.**

Court of Civil Appeals of Texas.

Waco.

March 25, 1965.

Rehearing Denied April 15, 1965.

Bernard & Bernard, Houston, for appellant.

Baker, Botts, Shepherd & Coates, Bertram H. Mann, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by Rebecca Kamleh, mother of Amal Kamleh, from the judgment of the Court of Domestic Relations, decreeing Amal Kamleh to be a dependent and neglected child, and terminating the parental rights of the mother and father.

The Harris County Probation Department, acting through Jo Ann Brown, filed this case, to declare Amal Kamleh a dependent and neglected child. Rebecca Kamleh answered, requesting the court to deny the application and to return the child to her.

The Trial Court, after hearing, declared the child neglected and dependent. The Trial Court filed Findings of Fact and Conclusions of Law, pertinent of which follow:

## FINDINGS OF FACT

1) Amal Kamleh was born to Rebecca Kamleh and Sadi Kamleh February 27, 1958 in Houston, Texas.

2) Sadi Kamleh left the family early in 1959 to return to Libya, his native country. Rebecca divorced Sadi in May 1959.

3) Mrs. Rebecca Kamleh, though trained as an occupational therapist, has been unable to hold a job. She has not received assistance prior to the filing of the petition

in this case from any relative, including Mr. and Mrs. Robert Chastain.

4) Mrs. Rebecca Kamleh has received psychiatric treatment for 2 years for a "chronic undifferentiated schizophrenia". She is in remission and being maintained on medications.

5) On June 6, 1962 Mrs. Kamleh delivered Amal to DePelchin Faith Home and Children's Bureau; the child was returned to the mother on October 13, 1962; and again delivered to Faith Home on March 26, 1963.

6) On July 3, 1964 Mrs. Kamleh voluntarily executed a Parental Release and Consent to adoption and affidavit.

7) On October 9, 1963 Mrs. Kamleh took Amal from the home without permission.

8) On February 10, 1964 Mrs. Kamleh again delivered Amal to the home for care and executed a second Parental Release and Consent to adoption and affidavit.

9) Amal is normal and healthy and now living in a foster home supervised by Faith Home. She is a proper subject for adoption.

10) 11) Mr. Robert Chastain, brother-in-law of Mrs. Rebecca Kamleh, has expressed a desire to care for the child Amal.

12) Mrs. Rebecca Kamleh was of sound mind when she executed the 2 releases and consents to adoption on July 3, 1963 and February 10, 1964.

## CONCLUSIONS OF LAW

1) Mrs. Rebecca Kamleh, mother of Amal Kamleh, and Sadi Kamleh, the father, are unable to provide a suitable home for the child.

2) There is no suitable person willing and able to care for the child, and said child is dependent on the public for support.

3) Amal Kamleh is a dependent and neglected child within the meaning of Art. 2330, Vernon's Ann.Tex.Civ.St.

4) The releases and consents to adoption executed by Mrs. Rebecca Kamleh and delivered to Faith Home, a licensed child placing agency of the State of Texas, are good and valid and cannot be revoked by Mrs. Kamleh.

5) The best interest of the child will be served by terminating the parental rights of Sadi and Rebecca Kamleh, and awarding custody of the child to DePelchin Faith Home and Children's Bureau for placement in a suitable adoption home.

Appellant appeals on 17 points, contending:

1) There is no evidence or insufficient evidence to sustain Finding of Fact No. 12; and in any event appellant revoked such consents.

2) The Trial Court erred in Conclusions of Law Nos. 1, 3, 4 and 5.

3) The Trial Court erred in entering judgment for appellee.

4) The Trial Court erred in not having the child brought before him at the time of hearing, pursuant to Article 2333, V.A.T.S.

█ Appellant's 1st contention is that there is no evidence or insufficient evidence to sustain the finding that she was of sound mind when she executed the 2 consents for adoption of her child Amal to the Faith Home; and that in any event she revoked such consents. The record reflects that appellant was suffering from "chronic undifferentiated Schizophrenia"; that she was "upset and needed work" when she first delivered the child to Faith Home; that she was "conversant with what she was doing"; and at the signing of the 2nd release "acted normally and rationally".

There was no testimony that appellant was of unsound mind, or that her condition would affect her mental capacity to execute the releases and consents. Under the record the Trial Court was justified in finding appellant of sound mind at the time of the execution of the Releases and Consents.

█ A parental release and consent in writing to a licensed child-placing agency is irrevocable. Catholic Charities of Diocese of Galveston, Inc. v. Harper, 161 Tex. 21, 337 S.W.2d 111.

Appellant's 2nd and 3rd contentions complain of the Trial Court's conclusions of law and of his rendering judgment that Amal is a neglected and dependent child.

█ The record reflects that the child had been supported by charity for a considerable period of time and that appellant was unable to care for the child; appellant had twice placed the child in Faith Home; and twice consented in writing to her adoption through Faith Home; that appellant was unable to keep a job and care for the child; and that appellant suffered from a mental illness which appellant now contends rendered her incompetent to sign the consent and release. Under these facts, we think the Trial Court justified in declaring the child a neglected and dependent child.

█ Finally, appellant contends the Trial Court erred in not having the child brought into Court as specified in Article 2333 V.A.T.S. We think Article 2333 directory and not jurisdictional and that same should be construed to mean that upon hearing, the child shall be brought before the Court at the instance of the trial judge or a party in interest. Since appellant made no objection at the trial of the nonappearance of the child, the requirement as to the appearance of the child was waived. Jones v. Davis, Tex.Civ.App., 203 S.W.2d 943, n. r. e.; Smith v. Curtis, Tex.Civ.App., 223 S.W.2d 712, n. w. h.

All of appellant's points and contentions are overruled.

Affirmed.