**Bill McILROY et al., Appellants,**

v.

**WALLER CONSOLIDATED INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 325.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1970.

Milton H. Mulitz, Houston, for appellants.

James S. Kelly, Richard G. Sedgeley, Knipp & Sedgeley, Houston, for appellees.

SAM D. JOHNSON, Justice.

On April 5, 1969, the Waller Consolidated Independent School District held an election for three school trustee positions. Bill McIlroy, Harold Buckley and Eugene Leverkuhn were losing candidates in such election. The three named individuals, contestants in the trial court, brought this action to contest the election of their opponents.

Contestants sought judgment in the trial court holding the election to be null, void and of no effect, and ordering a new election. Trial was before the court which entered judgment denying appellants the relief sought and upholding the validity of the election.

**508**

We are of the opinion that this appeal must be dismissed.

Rule 353, Texas Rules of Civil Procedure, provides:

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered."

 In the instant case no written notice of appeal was filed with the clerk. The only reference to an intent to appeal is made to appear in a purported supplemental transcript which contains an affidavit of the District Clerk of Waller County. It recites that at the conclusion of the trial, " * * * the attorney for the Plaintiffs then and there in open court orally gave notice of appeal * * *." Other than the clerk's affidavit the transcript contains no docket sheet entry, no judgment, no order or no minute of the court which in any way refers to a notice of appeal. There was no motion for new trial. Republic National Bank v. Jordan, Tex. Civ.App., 17 S.W.2d 84, no writ hist. This is an instance where appellants, in a trial before the court without the intervention of a jury, have apparently made an oral announcement of appeal in open court immediately upon the rendition of judgment and nothing more. This is not sufficient.

The Court of Civil Appeals acquires no jurisdiction of an appeal where notice of appeal, if required, has not been given within the time prescribed by law. Howe v. Howe, Tex.Civ.App., 223 S.W.2d 944, writ ref.; Becnel v. Becnel, Tex.Civ. App., 336 S.W.2d 221, no writ hist. Where reliance is placed upon an oral announcement of appeal in open court, Rule 353(a) specifically requires either a notation to such effect on the court's docket or

that it be embodied in the judgment, order overruling motion for new trial, or other minute of the court. In the absence of compliance with the express provisions of the rule the appeal must be dismissed.

Appellant's appeal is dismissed.