George B. SHEPHERD, Appellant,

v.

CITY OF AUSTIN, Appellee.

No. 11810.

Court of Civil Appeals of Texas, Austin.

May 19, 1971.

Rehearing Denied June 9, 1971.

**612**

King & Norris, Leslie King, Hawthorne Phillips, Austin, for appellant.

Don R. Butler, City Atty., C. Charles Dippel, Asst. City Atty., Austin, for appellee.

O'QUINN, Justice.

Under its power of eminent domain the City of Austin brought this action to acquire by condemnation eighty-two acres of land owned by George B. Shepherd to be used in the "Decker Lake Project" which includes a steam generating plant and water reservoir for the production of electric power by the City.

From judgment based on a jury verdict in the county court of Travis County, Shepherd has appealed, bringing five points of error, complaining in the main that the trial court erroneously excluded certain evidence relating to value of the land taken.

The City of Austin has filed a motion to dismiss the appeal on the ground that notice of appeal was not given within the time allowed by Rule 353, Texas Rules of Civ.Proc.

The attendant facts bearing on this question are as now stated. The trial court entered judgment on April 28, 1970. Shepherd filed original motion for new trial on May 7 and later duly amended on May 27. The trial court set hearing on the amended motion for July 9, 1970. It is not disputed that the motion for new trial would have been overruled by operation of law after July 10.

Following the hearing before the court on July 9, on the amended motion for new trial, the judge made no announcement but next day entered a written order overruling the motion. The order of July 10 overruling the amended motion did not embody notice of appeal by Shepherd.

Shepherd filed a written notice of appeal with the clerk of the court on July 23, 1970, which in pertinent part recited " * * * Defendant * * * Shepherd, in the above entitled and numbered cause after giving notice that he is appealing the judgment entered herein in Open Court on the 9th day of July, 1970, Defendant hereby further gives notice of his appeal of this cause and service of such notice has been given to Plaintiff, City of Austin, by service upon * * * [its attorneys of record] * * * by depositing the same

in the U. S. Mail * * * on this the 23rd day of July, 1970."

On the following day, July 24, Shepherd filed a written motion requesting the trial court " * * * to enter on the Docket and in the Minute Records of this Court and this proceeding that the Defendant gave timely notice of Appeal to the Court in Open Court and in the presence of the Counsel for the Plaintiff, City of Austin, on the 9th day of July, 1970."

It is uncontroverted that at that time neither the docket nor the minutes of the court contained a notation that Shepherd in open court had given notice of appeal on July 9, 1970. The record also reflects that neither the judgment of April 28 nor the order of July 10 overruling the motion for new trial embodied notice of appeal by Shepherd.

Shepherd's motion to let the docket and the minutes show that notice of appeal had been given in open court was heard on July 29, 1970, at which time evidence was introduced and arguments were made by both parties.

Thereafter, on September 4, 1970, the trial court entered an order which reads:

"On the 29th day of July, 1970, came on to be heard Defendants motion to enter on the Docket and in the minute records of this Court and this proceeding that the Defendant gave timely notice of appeal to the Court in open court on the 9th day of July, 1970, and

"Whereas the Court remembers that on the 9th day of July the Defendant did in fact give oral notice of appeal and the Court failed at that time to so note on the docket and in the minutes:

"It is therefore ORDERED, ADJUDGED and DECREED to be entered on the Docket and in the minute records of this Court and of this proceeding that Defendant did give timely notice of appeal in open court on the 9th day of July, 1970, and it is so noted on the Court's Docket."

The giving of notice of appeal is governed by Rule 353(a), stated in full:

"An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered."

Written notice of appeal was not filed with the clerk within ten days after the order overruling motion for new trial, that filing having been made on the thirteenth day following the order. The written notice of appeal referred to oral notice of appeal as having been made in open court on July 9, a day preceding the order overruling motion for new trial.

At the hearing held July 29, 1970, on Shepherd's motion to cause the docket to reflect that oral notice of appeal was given in open court July 9, the trial court, after hearing preliminary argument of counsel stated, "I think we should go further. My memory doesn't serve me as well as it ought to as to what transpired on that date. I remember there was a great deal of discussion about when this ruling [on motion for new trial] would have to be made, whether by the end of the week or by Monday, and I'm trying to recall exact events, and perhaps testimony might help me. I would appreciate if it you would go forward with some testimony as to what transpired on the 9th. Are you ready to * * *"

One of the attorneys for Shepherd testified in part: "As I recall at that time we did tell the Court we were going to appeal unless motion for new trial was sustained. I'm not saying we specifically said, 'Please enter this on your docket.' I do think we told the Court that we would appeal, trying to—one of the reasons for requiring that the notice be given or ordered [order] signed on a Friday was to make sure that we could perfect all of our appellate steps as well as in the event the Court decided

to sustain the motion, still had jurisdiction to sustain it, and motion would not be overruled by operation of law. As to the exact language, wording, what have you, I do not recall exactly what was said. Sum and substance, that's what I recall we did tell the Court.

"There was an extended discussion on this point, and one of the things we said, we wanted to make sure that we did not lose any opportunity to perfect the appeal, and in the event that the motion was overruled, which it was done, and then we did tell the Court that an appeal would be taken from the judgment if the order [motion] was not sustained or the motion was not sustained. That's all."

Later, under cross examination, the witness stated, "I don't think [we stated], 'We herewith give notice of appeal.' I think we said, 'We are going to appeal unless the motion is sustained.' We wanted to make sure that—One of the reasons for our having the extended discussion * * * since we were getting right up to the end of the 45-day period on the amended motion for new trial, and one of the things we did state, we wanted to make sure we had all appellate steps perfected as well as the Court's having the opportunity to sustain the motion [for new trial] if it desired to do so."

There was testimony that on July 10, the day following the hearing, an attorney for the City, who had participated in the hearing on the previous day, handed draft of an order overruling motion for new trial to the trial judge in the presence and hearing of counsel for Shepherd. "I recall," Shepherd's counsel testified, "you [City's counsel] handed to the Judge an order which I did not see, said 'This is—this is an order. If you decide to overrule the motion, you can sign it.' "

The record also shows that on Friday night, July 10, the judge informed one of the attorneys for Shepherd that motion for new trial had been overruled.

A bystander, an attorney in the court room awaiting conclusion of the hearing to obtain an audience with the judge, testified that he heard counsel for the parties mention " * * * that the amended motion for new trial or the order granting a new trial should be accomplished and signed by July the 10th." The witness did not recall any mention by counsel for Shepherd that they were giving notice of appeal.

An attorney for the City also testified that notice of appeal was not given at the hearing July 9. His version of events was: "After summation by both sides that extended over a period of time, there was a conference in front of the bench prior to the time the Judge was going to leave the courtroom and go to chambers to give the motion due consideration. And at that time there was a discussion between counsel for * * * [Shepherd] and myself, and with the Court as to whether or not the amended motion for new trial should be granted or overruled before the week was out, that is by [Friday] July the 10th. The reason for that being that there was a conflict of authorities and to be absolutely safe if the defendants were granted a new trial it should be done by July the 10th so that they would not be caught.

"Conversely, if you [the Court] were going to overrule the amended motion for new trial, it should be done by the 10th so that they could perfect their appellate steps, but at no time did counsel for the Defendants * * * give any statement to the Court or make any mention of their notice of appeal, and it was not my recollection that they intended by their statements at that time to make any such statements."

At the conclusion of the hearing on July 29, the trial court announced that he would read Rules 306c and 353(a) in conjunction with decisions of the courts and would let counsel "know the decision of the Court just as soon as I possibly can." As noted, the court subsequently, on September 4, 1970, entered the order we have already set

out in which it was said " * * * the court remembers that on the 9th day of July the Defendant did in fact give oral notice of appeal" which the court failed to note on the docket.

Even if it be assumed, or granted, that the trial court had the authority by an order *nunc pro tunc* to cause the docket to reflect that on July 9 counsel for Shepherd gave oral notice of appeal, which the court failed at the time, as a ministerial act, to note on the docket, the question remaining is whether the notice was in conformity with Rule 353.

The Rule requires an appeal to be taken, when allowed by law, in either of two ways. If appeal is taken by notice in open court, the Rule requires that it be (a) noted on the docket, (b) embodied in the judgment, (c) embodied in the order overruling motion for new trial, or (d) embodied in other minute of the court. Or the appeal may be taken by filing notice with the clerk. In either course, the Rule requires " * * * such notice to be *given* or *filed* within ten days *after* the *judgment or order overruling motion for new trial* is rendered." (Emphasis added)

■ We construe this Rule to require that notice be given or filed within ten days after judgment or within ten days after order overruling motion for new trial. Before the trial court, counsel for Shepherd contended that Rule 306c expressly authorizes the giving of notice of appeal in open court prematurely; that is, not only after, but even before judgment and before overruling of motion for new trial.

Rule 306c expressly allows the filing of notice of appeal prematurely, but does not authorize premature giving of oral notice in open court. The Rule is stated:

"No motion for new trial or appeal bond or affidavit in lieu thereof or *notice of appeal* shall be held ineffective because *prematurely filed;* but every such *motion* shall *be deemed to have been filed* on the date of *but subsequent to* the *rendition of the judgment* the motion assails, and every such appeal bond or affidavit or *notice of appeal* shall *be deemed·to have been filed* on the date of *but subsequent to* the *rendition of the judgment* appealed from or *from the date* of the *overruling of motion for new trial, if such a motion is filed."* (Emphasis added)

Rule 306c is deemed an exception to the requirements of Rule 353(a), contained in the last clause thereof, that "such notice * * * *be given* or *filed* within ten days *after the judgment or order overruling motion for new trial* is rendered," but the exception by its own terms extends only to written notice of appeal authorized to be "(2) *filed* with the clerk." An appeal "taken by notice of appeal (1) in open court" is distinguished within the terms of Rule 306c from notices required to be filed. This latter type of notice is one stated orally in open court that must be preserved by notation on the docket or by being embodied in the judgment, order overruling motion for new trial, or other minute of the court.

If it be said that oral notice of appeal in open court may be given prior to judgment or, subsequently, prior to order overruling motion for new trial, such practice would contravene the express terms of Rule 353 that notice of appeal taken by this means shall be given within ten days after judgment or ten days after order overruling motion for new trial. And, as noted, this mode of taking an appeal does not come within the exception under Rule 306c permitting premature filing of written notice of appeal. It is observed that Rule 306c is consistent with Rule 353, as both Rules require, or deem, the filing to be after judgment or after order overruling motion for new trial.

■ We are of the opinion that under the evidence adduced at the hearing on July 29 formal notice of appeal was not given by Shepherd in open court. The mere statement that "We are going to appeal unless the motion [for new trial] is

**616**

sustained," constitutes no more than an announcement of present intention, at a future time, to take an appeal. The finding and conclusion of the trial court in the order amending the docket to show that Shepherd "did give timely notice of appeal in open court on the 9th day of July, 1970 " is not supported, therefore, by the evidence; nor was the notice timely since it was prematurely given. The order if valid to authorize the entry on the docket, can be supported only because of the statement in the order that "the Court remembers * * * Defendant did in fact give oral notice of appeal * * *"

 We are cognizant of the rule that orders *nunc pro tunc* may be made by the trial court to correct the docket or to supply omissions, after hearing testimony and from his own recollections of events. Kluck v. Spitzer, 54 S.W.2d 1063 (Tex. Civ.App. Waco 1932, no writ); Leon and Blum v. Neilson, 59 Tex. 378 (1883). The trial court properly ordered and conducted a hearing before entering the order. Texas Rubber Supply, Inc. v. Jetslide International, Inc., Tex., 466 S.W.2d 279 (1970).

We are not unaware that the Rules will be construed liberally in favor of the right of appeal. Hunt v. Wichita County Water Improvement District No. 2, 147 Tex. 47, 211 S.W.2d 743 (1948); Calame v. Prudential Insurance Company of America, 423 S.W.2d 940 (Tex.Civ.App. Waco 1968, no writ). We do not understand application of this precept to extend to allowing appeals attempted in contravention of the Rules.

We hold that notice of appeal, even if given in open court on July 9, 1970, as found by the trial court, was prematurely given and did not conform to the manner of taking an appeal in open court as authorized by Rule 353. There is no contention that the written notice, filed with the clerk thirteen days after order overruling motion for new trial, was compliance with Rule 353 to effect an appeal.

This Court does not have jurisdiction of an attempted appeal, unless the record shows that notice of appeal was given in one of the two manners provided for by Rule 353. Ortega v. Employers Casualty Co., 223 S.W.2d 663 (Tex.Civ. App. San Antonio 1949, no writ); Brown v. Brown, 444 S.W.2d 837 (Tex.Civ.App. Beaumont 1969, writ dsmd); McIlroy v. Waller Consolidated Independent School District, 452 S.W.2d 507 (Tex.Civ.App. Houston (14th) 1970, no writ.)

We have no alternative but to dismiss the appeal. Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App. Fort Worth 1961, writ ref.).

The appeal is dismissed.

Appeal dismissed.