**Lillie Mae GRAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 8203.**

Court of Civil Appeals of Texas, Texarkana.

March 12, 1974.

Rehearing Denied April 9, 1974.

J. R. Cornelius, Mahlon L. Walters, Jefferson, for appellant.

Tony Hileman, Jefferson, for appellee.

CHADICK, Chief Justice.

This is an appeal from a judgment in a dependent child proceeding authorized by Vernon's Tex.Rev.Civ.Stat.Anno. art. 2330 et seq. For reasons discussed, the judgment of the trial court is affirmed.

The appeal bond contains the following recitals:

"WHEREAS, on June 27, 1973, the Court, at the close of the evidence herein, entered his Judgment * * *, and

"WHEREAS, the said Lillie Mae Gray, then and there in open court, excepted and gave notice of appeal to the Court of Civil Appeals, for the Sixth Supreme Judicial District of Texas, sitting at Texarkana, Texas, and

"WHEREAS, on June 30 the said Lillie Mae Gray filed and presented her motion for a new trial, which was by said Court then and there refused."

The recitals are in agreement with the record and confirm that a premature oral notice of appeal was given, that is, that oral notice of appeal preceded the order overruling motion for new trial herein. No written notice of appeal filed with the trial court clerk is to be found in the appeal record.

■ In Shepherd v. City of Austin, 467 S.W.2d 611 (Tex.Civ.App. Austin 1971, writ ref'd, n. r. e.) it was held that Texas Rules of Civil Procedure, rule 306c permitting notice of appeal to be filed prematurely is an exception to Tex.R.Civ.P. 353 and is applicable only to a written notice of appeal. *Shepherd* held specifically that Rule 306c does not validate an open court oral notice of appeal given prior to an order overruling motion for new trial. Since it appears, however, that the *Shepherd* opinion contains findings of fact that render such specific declaration unnecessary and thus account for the Supreme Court's writ action, it is concluded that this court has jurisdiction of the appeal. Liberality in favor of the right to appeal leads this court, with trepidation in view of *Shepherd*, to construe Rule 306c as a validation of the premature notice of appeal herein. It is deemed that the notation on the trial court's docket of notice of appeal is in a liberal sense a *filing* thereof for appeal purposes.

In the performance of the duty placed upon him by Tex.Rev.Civ.Stat.Anno. art. 2333, the County Attorney of Marion County, Texas, on June 14th, 1973, instituted this proceeding by filing a sworn petition in the 115th Judicial District Court of that county, alleging the five children named therein were under the age of eighteen years and were dependent and neglected in that they were dependent upon the public for support, were destitute, homeless, abandoned, and had no proper parental care or guardianship. It was also alleged that Lillie Mae Gray was the mother of the children and a resident of Jefferson, Texas, but that the name and residence of the father was unknown. On the day suit was filed, the judge of the mentioned court set a hearing on the petition for 10:00 o'clock A.M. on June 22, 1973. Citations issued immediately on the same date, commanding Lillie Mae Gray to appear before the court at 10:00 o'clock A. M., on the 22nd day of June, 1973, and show cause why the named children should not be declared dependent. The return on the citation shows service thereof on Lillie Mae Gray at 3:30 o'clock P.M., on June 18, 1973.

On the last mentioned date, June 18, 1973, the County Attorney filed a motion in the pending case to detain such children in the custody of the Texas Department of Welfare at the facilities of the Bowie County Juvenile Detention Center, pending trial of the dependency suit. The motion alleged the children should be so detained because they were "likely to suffer irreparable injury, lose and damage as a result of destitution, and lack of proper parental care or guardianship." The motion was granted and order was made the same day authorizing detention as prayed for a period not to exceed ten days pending a hearing, or until other arrangements could be made for the children.

Johnny B. Gray, by legal counsel, filed an intervention on June 22, 1973, alleging, among other things, that he was the father of one of the children named in the County

Attorney's dependency petition and prayed for custody of such child. Leave to intervene was granted. Lillie Mae Gray filed an answer on June 25, 1973, alleging none of the children were dependent or neglected and that she had been and was then caring for and supporting the children. On June 27th, 1973, Lillie Mae Gray filed an answer to the Johnny B. Gray intervention pleadings. The statement of facts and the judgment entered by the court both recite that the case came on for trial on June 27, 1973. The judgment decreed the children to be dependent, terminated parental rights, and placed the children's care and custody in the Texas Department of Public Welfare.

Johnny B. Gray has not filed a brief but appellant Lillie Mae Gray has briefed four points of error, to-wit:

"POINT ONE: The Court erred in ordering the Sheriff of Marion County to seize and deliver the children herein named to the State Department of Public Welfare, without notice to their mother, who had the legal custody and control of them at such time; and whose whereabouts was well known.

"POINT TWO: The court erred in trying said children as dependent and neglected children without their being present.

"POINT THREE: The court erred in trying these children as dependent and neglected children without appointing a guardian ad litem to represent them.

"POINT FOUR: The seizure of the children and removing them out of the county without a trial was a violation of the Due Process Clause of the Federal Constitution."

Neither the pleadings nor the sufficiency of the evidence to support the judgment rendered is an issue in the appeal.

■ For convenience, points One and Four are grouped for discussion. In an earlier paragraph it is mentioned that the Judge of the court in which the proceeding was pending made an ex parte order placing the children in the temporary custody of the Texas Department of Welfare for a period not to exceed ten days, pending trial of the case. Such temporary order, limited to ten days' duration by its terms, performed its functions and terminated when a final judgment was entered on the merits of the case. It is elementary that a temporary order of this nature is interlocutory in character and not appealable. See 3 Tex. Jur.2d Appeal and Error—Civil, Sec. 63. The judgment underlying this appeal was rendered after notice to appellant Lillie Mae Gray and after intervention herein by Johnny B. Gray and completion of a trial in which they participated with the aid of the counsel of their choice. The temporary order having expired by its own terms, the present custody of the children in nowise depends upon it. A declaration of the invalidity of the order at this time would not, in reason, authorize an award of relief from the final judgment that is on appeal.

■ On the possibility that the full import of the two points of error under discussion has not been fully apprehended, additional observations will be made. The Constitution of the State of Texas, Art. V, Sec. 8, Vernon's Ann.St., grants district courts general control over minor children, subject to such regulations as may be prescribed by law. This grant empowers a district judge, when a pleading "shows upon its face that the welfare of a minor child requires that an order be made," to make orders that are "right and proper for the welfare of the child." Green v. Green, 146 S.W. 567 (Tex.Civ.App. Amarillo 1912, no writ); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953). Temporary custody orders made without notice or hearing have had the approval of the State's highest court. See Page v. Sherrill, 415 S.W.2d 642 (Tex.Sup.1967); Dannelley v. Dannelley, 417 S.W.2d 55 (Tex. Sup.1967). The power to make such ex parte orders is implied and necessarily in-

cidental to the power of general control over minors granted to district courts and is exercisable in situations of emergency demanding immediate action. Here an emergency was shown by the sworn petition to have existed when the order was made.

With respect to Federally guaranteed due process, in this millieu due process may easily turn upon a pivot akin to *probable cause.* An arrest may be made without notice or hearing under certain circumstances when probable cause therefor exists, a magistrate may issue an arrest warrant without notice upon probable cause. In a situation such as this, with the sworn petition and motion before the court, an ex parte order as here made for the protection, nurture and care of children of tender years finds sanction in the general welfare clause and is as much justified under the police powers as an arrest might be. All writs available to test the validity of an arrest are available to test the validity of the custody order. Violation of State and Federal Constitutional due process is not shown. With little discussion, the case of In re Marsh, 344 S.W.2d 251 (Tex.Civ. App. Amarillo 1961, writ ref'd, n. r. e.), holds such an order does not offend due process guarantees.

The briefs of the contending parties proceed on the assumption that the children were not present personally in court during the trial of the dependency proceeding. The language of Tex.Rev. Civ.Stat.Anno. art. 2333 contemplate the personal presence of the child, or children, under investigation at the trial of a dependency case. It is said in such statute: "Upon such hearing * * * the child shall be brought before said court." No objection to the absence of the children was made at any time prior to or during the trial in chief. Complaint on this ground was presented to the trial judge for the first time by motion for new trial. It appears from a reading of the text that the purpose of Art. 2333 is to govern procedure and this provision under discussion, as well as all other provisions, are clearly procedural in nature. Procedural error in the absence of objection cannot be considered on appeal. 3 Tex.Jur.2d Appeal and Error—Civil, Sec. 108. There is no suggestion in appellant's brief of injury to appellant as a consequence of the absence of the children from the trial. See also Kamleh v. Brown, 389 S.W.2d 513 (Tex.Civ. App.Waco 1965, no writ).

Appellant's third point on its face presents a vexing problem. After investigation, however, the failure of the trial judge to appoint a guardian ad litem loses significance when note is taken that the dependency proceedings are wholly statutory. In special statutory proceeding rules of procedure prescribed therefor by statute supersede the general rules of procedure promulgated for civil actions. Tex.R.Civ. P., rule 2. The parents or guardian, as the case may be, are by the necessary implication of Tex.Rev.Civ.Stat.Ann. art. 2332 statutorily constituted the representative of a child in a dependency proceedings. This conclusion is made necessary by the last sentence of the article which directs the trial court to appoint a suitable person to represent the child "in case neither of the parents or guardian is found." Here, the parent or parents were present and participated in the trial.

No reversible error is found. The judgment of the trial court is affirmed.

CORNELIUS, J., did not participate.