**TEXAS GULF COAST CONSTRUCTION
COMPANY, Appellant,**

v.

**HOUSTON SHELL & CONCRETE, Appellee.**

No. 16391.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1974.

Rehearing Denied Dec. 19, 1974.

Brochstein & Slobin, Sanford J. Slobin, Houston, for appellant.

Flatow & Hinojosa, Marc Flatow, Houston, for appellee.

PEDEN, Justice.

Appeal from the granting of a motion for summary judgment in favor of plaintiff Houston Shell and Concrete in a suit on a sworn account.

The appellee has filed a motion to dismiss the appeal on the ground that notice of appeal was not timely given under the provisions of Rule 353, Texas Rules of Civil Procedure. We grant the motion and order the appeal dismissed.

Appellee had intervened in a suit filed by the appellant against other parties. Appellee sought to recover for sand and concrete allegedly delivered to the appellant and for other relief. Appellee's motion for summary judgment was granted in an interlocutory order signed and entered on April 17, 1974, reciting that the hearing on the motion had been held on January 28, 1974; the trial court also signed an order on April 17, 1974 severing this intervention from the original suit. Notice of appeal was not noted.

On May 16, 1974, the appellant filed a "motion to set aside summary judgment and other relief."

On May 20, 1974 the trial judge signed this order:

"On this 17th day of May, 1974 came on to be heard and considered by the Court the captioned Motion and came the parties thereto and the Court having heard said Motion and counsel is of the opinion that said Motion should be denied, and Plaintiff having heretofore timely given notice of appeal in open Court at the conclusion of the hearing on said Motion for Summary Judgment thereafter signed and entered by this Court on April 17, 1974, and the Court being of the opinion that the following Order should be signed and entered in this cause; it is accordingly

"ADJUDGED and ORDERED that Plaintiff's Motion to Set Aside Summary Judgment and Other Relief is hereby overruled and denied.

"To which ruling and Order of the Court Plaintiff did respectfully except and object, and having given notice of appeal as aforesaid, did again give such notice and does hereby give such notice of appeal to the Court of Civil Appeals, First District, sitting in Houston, Texas."

The statement in this order that oral notice of appeal was given at the conclusion of the hearing refers to notice given on January 28, 1974. Such notice was prematurely given, since the order granting summary judgment was not signed until about 80 days later. Rule 306c provides that prematurely filed notice of appeal shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment, but this rule is an exception to Rule 353 and is applicable only to written notices of appeal. Shepherd v. City of Austin, 467 S.W.2d 611 (Tex.Civ.App.1971, writ ref.n.r.e.).

The trial court's order signed on May 20, 1974 also noted that the appellant gave notice of appeal on that date; although the motion to set aside the summary judgment constitutes a motion for new trial, it was filed on the 29th day after the signing of the summary judgment and the severance order, so it was late by 19 days.

Rule 329b. When the motion was filed, thirty days had not passed since judgment, so the trial court had not lost jurisdiction over the matter; it had the power to grant the motion but lacked authority to give any effect to a notice of appeal given at that time.

The facts in this case differ from those in Texas Rubber Supply, Inc. v. Jetslide International, Inc., 466 S.W.2d 279 (Tex. 1971) in that in *Jetslide* the trial judge entered a nunc pro tunc order reciting that the appellant had actually given notice of appeal in open court when its amended motion for new trial was overruled. In that case the appellant's notice of appeal was not prematurely given, so it was not required to rely on Rule 306c.

The appeal is dismissed.