**Gladys Turner BRILEY, Appellant,**

v.

**Georgia BROWN, Appellee.**

**No. 5417.**

Court of Civil Appeals of Texas, Waco.

March 13, 1975.

Nance, Caston, Hefner, Duncan, Green & Stagner (David M. Stagner), Denison, for appellant.

(Rayburn M. Nall), Elliott & Nall, Sherman, Harold F. Curtis, Jr., Greenville, for appellee.

HALL, Justice.

Appellant brought this suit against appellee to gain custody of two of appellant's minor children. Following a trial without a jury, judgment was rendered that appellant take nothing. We affirm.

## ON APPELLEE'S MOTION TO DISMISS APPEAL

This case was heard on July 18, 1974. At the conclusion of the hearing, the take-nothing judgment against appellant was announced by the trial judge in open court. Thereupon, appellant orally gave notice of appeal, and this notice was noted on the court's docket at that time. The judgment was reduced to writing and signed and filed on August 15, 1974. The oral notice made in open court on July 18, 1974, is the only notice of appeal given by appellant. It was not incorporated into the written judgment. Appellee asserts that these undisputed facts establish that the notice of appeal does not satisfy the requirements of Rule 353, Vernon's Tex.Rules of Civil Procedure; and that we must therefore dismiss the appeal for want of jurisdiction.

An appellate court does not acquire jurisdiction of an appeal where a notice of appeal has not been given within the time and manner required by law. Howe v. Howe, (Tex.Civ.App.—Eastland, 1949, writ ref.) 223 S.W.2d 944.

The pertinent part of Rule 353 is paragraph (a) thereof which provides as follows: "An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered."

Appellee's motion for dismissal is based upon the contention that the term "within ten days after the judgment is rendered" in Rule 353 refers to the court's signed judgment, and not to the court's oral pronouncement of judgment. If this is true, appellee argues, then, because appellant's notice of appeal preceded this time span, it was not in compliance with the rule, was premature, and was ineffective. In support of this argument, appellee cites Shepherd v. City of Austin, (Tex.Civ.App.—Austin, 1971, writ ref., n. r. e.) 467 S.W.2d 611; Grivel v. Atlantic Mutual Ins. Company, (Tex.Civ.App.—Corpus Christi, 1974, writ ref., n. r. e.) 513 S.W.2d 297; and Texas Gulf Coast Const. Co. v. Houston Shell & Concrete, (Tex.Civ.App.—Hou. 1st, 1974) 517 S.W.2d 650.

Rule 306c provides that a notice of appeal shall not be held ineffective merely because it is premature; and that "every such . . . notice of appeal shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from." Appellant's notice of appeal fulfilled the requirements of Rule 353 in these respects: It was given orally in open court, and it was noted on the docket. We need not decide whether appellant's notice was premature, for, if it was, it is validated and made effective by

the provisions of Rule 306c. Gray v. State, (Tex.Civ.App.—Texarkana, 1974, writ ref., n. r. e.) 508 S.W.2d 454, 456. All of the cases cited and relied upon by appellee show that the oral notices of appeal with which they are concerned were not noted on the docket. For this reason, if none other, the cases do not bear application here.

Appellee's motion to dismiss is overruled.

## ON THE MERITS

Appellant married L. D. Turner in 1953. They were divorced in November, 1969. Four children were born of the marriage. At the time of divorce, the custody of the two older children was awarded to appellant, and the custody of the two younger children was awarded to the father. He died in December, 1969. We deduce from the record that appellee, who is the children's paternal grandmother, took possession of the two younger children upon their father's death. On August 24, 1973, in a suit filed by appellant against appellee for custody of the children, judgment was rendered awarding custody of the two younger children to appellee.

The record does not reflect when the case at bar was filed by appellant, but, as we have said, it was heard on July 18, 1974.

In her first two points of error, appellant asserts that the trial court refused to allow her to prove "all facts that existed prior to the [custody] decree in 1973," upon which she would have based a showing of subsequent change of condition; and that the court refused to permit her to develop a bill of exception in this regard. The record does not support these complaints. Early in the trial, the court told appellant, "You may contrast the situation that existed on August 24, 1973, with that existing today. That's the extent of this hearing." The record shows that the true point of contention between the court and appellant was the court's refusal to permit appellant to go behind the 1969 divorce decree, which was rendered four and one-half years prior to the hearing in question and three and one-half years prior to the existing custody order, and give her view of the circumstances at the time of the divorce "to show a change of condition." We perceive no error in this refusal. Appellant does not now argue that it was error, although she vigorously did so on the trial. At one stage of the trial, the court refused to let her make this proof (and other proof which she subsequently was permitted to make) for the purpose of a bill of exception. Near the close of the hearing, the court gave appellant the opportunity to "introduce any proof you want to" on the bill of exception. She declined, stating that two of her witnesses had been excused. The record does not show who excused the witnesses, or why they were excused; or that appellant needed other than her own testimony to perfect her bill. These facts do not reflect error.

Appellant's third and final complaint does not present reversible error under the record. It is overruled.

The judgment is affirmed.